Denis HANLY, et al., Plaintiffs-Appellants,

v.

Richard G. KLEINDIENST, as Attorney General of the United States, et al., Defendants-Appellees.

No. 1128, Docket 73-1948.

United States Court of Appeals, Second Circuit.

Argued Aug. 17, 1973.

Decided Sept. 10, 1973.

Alfred S. Julien, New York City (Jesse Alan Epstein, New York City, of counsel), for plaintiffs-appellants.

Joseph P. Marro, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty., for the S. D. of New York), for defendants-appellees.

Before MULLIGAN, OAKES and TIMBERS, Circuit Judges.

PER CURIAM:

■ This is an appeal from a denial of a preliminary injunction which sought to halt the construction of the Metropolitan Correction Center, one of two buildings comprising the Foley Square Courthouse Annex. Except for one point, discussed below, we would affirm the judgment of the lower court solely on the basis of Judge Tenney's well reasoned opinion. Judge Tenney held, quite properly we think, that the General Services Administration (GSA) did not act arbitrarily or capriciously in determining, by a supplemental report filed April 6, 1973, reaffirming previous findings, that the Annex would not significantly affect the quality of the human environment under the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321, and more specifically § 4332(2)(C), as well as under the decisions of this court in Hanly v. Mitchell, 460 F.2d 640 (2d Cir.), cert. denied, 409 U.S. 990, 93 S.Ct. 313, 34 L.Ed.2d 256 (1972), and Hanly v. Kleindienst, 471 F.2d 823 (2d Cir. 1972), cert. denied, 412 U.S. 908, 93 S.Ct. 2290, 36 L.Ed.2d 974 (1973).

One point, however, was raised on appeal which was not before the lower court. This involves two identical letters [1] sent by GSA, one to Mayor Lindsay and the other to Governor Rockefeller. Appellants claim that the letters constitute an admission by GSA of the significant effect the Annex would have on the environment, thus requiring an impact statement under NEPA. We do not find the letters to be such.

■ The terms of the last sentences of the letters do not constitute any admission that GSA had found there would be significant impact on the community; rather they refer to "any project which *may* have a substantial impact on the community." (Emphasis supplied.) Nor do we believe that these sentences, which appear to be matters of form unrelated to the specifics of the case, were intended to evidence that the GSA Regional Administrator, under whose name they went out, had reached any conclusion on the question whether the Annex would significantly affect the environment.

■ Consultation and coordination between federal and local officials involving the acquisition of land and construction of a building in an urban environment, especially concerning plans for water supply, sewage disposal, solid waste disposal, etc., should be done as a matter of common sense; it is also required by law. *See* 40 U.S.C. § 533. And there is no limitation that this be done only when such projects significantly affect the community or its environment.

Deciding as we do that these letters are not admissions by GSA of any significant impact on the community, we need not reach the question whether an action "having a significant impact on . . . community development" under § 401(a) of the Intergovernmental Cooperation Act of 1968, 42 U.S.C. § 4231(a), constitutes an action "significantly affecting the quality of the human environment" under NEPA, thereby requiring an impact statement.

Judgment affirmed.

---

1. The letters begin with an identification of the parcel of land involved, continue with descriptions and data relative to the buildings in the Annex, including plans for utility services, and finish with the following sentences:

The Intergovernmental Cooperation Act of 1968, and administrative directives of the President, direct that there be consultation with the appropriate officials in the planning of any federal project which may have a substantial impact on the community.

Therefore, we would appreciate your cooperation and comments in this endeavor.